UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES E. McMAHON and
MARIA A. McMAHON,

       Plaintiff,                         CIVIL ACTION NO. 06-15418

     v.                                DISTRICT JUDGE GERALD E. ROSEN

PRUDENTIAL INSURANCE         MAGISTRATE JUDGE VIRGINIA MORGAN
COMPANY OF AMERICA, CAPITAL
AGRICULTURAL PROPERTY SERVICES,
PATRICK K. McMAHON, ROBERT J.
McMAHON, SHELLY D. HARDY, GREGG
HARDY, and ARLA J. McMAHON

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* case was brought by plaintiffs Charles and Maria McMahon and raises issues related to the sale of their family farm. The court earlier granted in part the Motion for Reconsideration of Appointment of Counsel (D/E 19) and referred the case to the court's *pro bono* panel. Plaintiff has filed two additional motions, a Motion to Stay Foreclosure (D/E 18), and a Motion to Amend Complaint. (D/E 21). These are denied by separate order. Defendants filed four Motions to Dismiss (D/E 4-Patrick McMahon; D/E 7-Shelly and Greg Hardy; D/E 25-Arla McMahon; D/E 26-Arla McMahon). For the reasons discussed in this Report, it is

recommended that the motions be granted and the case be dismissed, although additional time is given for objections to be filed in light of plaintiffs' request for counsel.

## A. BACKGROUND

This federal action comes on the heels of two state court actions–one for foreclosure and one for accounting–that fully addressed the issues in the litigation. The federal complaint is a narrative recitation of how plaintiffs, husband and wife, following an inter-family conflict lost possession and ownership of approximately 2400 acres of farmland in Lenawee and Monroe counties. From a review of the pleadings and argument, it appears that a portion of the property was inherited by plaintiff Charles and his defendant brothers in 1982 when their mother died. The plaintiffs, Charles and his wife Maria, lived on the property and the three brothers entered into a partnership to operate the property as a business, McMahon Farms. As part of this undertaking, they bought additional land. On or about October 7, 1998, Prudential Insurance Company issued loans to the McMahons [plaintiffs (Charles and Maria), Robert and Arla (Mrs. Robert) and Patrick McMahon (collectively the McMahons)]. The loan totaled $3,400,000, and was secured by a mortgage on certain farmland in Lenawee and Monroe counties comprised of 42 parcels. On or about March 15, 2000, the McMahons took another mortgage with Prudential in the additional amount of $500,000. Charles was responsible for payments and the operation of the business. Plaintiffs contend that they farmed the property–or at least collected farm subsidies–and that the other two brothers had nothing to do with the operation of the farm. Plaintiffs say that Charles ran the farm consistent with written power of attorney from Robert and Patrick. Subsequently, Robert and Patrick revoked the powers of attorney and directed that

the subsidies be sent to them directly. Charles states that he became unable always to make timely payments on the mortgage. Prudential states that rents and income from the property were applied in compliance with the terms of the written loan documents. Eventually, payments fell behind a sufficient amount so that in August, 2001, Prudential filed suit in Lenawee Circuit Court seeking foreclosure of both mortgages and appointment of a receiver. A receiver, Capital Agricultural Services, was appointed. Charles did not initially respond to the suit and a default judgment was entered. On or about March 19, 2002, the state court entered a judgment of foreclosure and ordered the sale of the mortgaged property in the summer of 2002. At the same time, Charles retained counsel and tried to remedy the situation, but without success. The property was sold on January 29, 2004, at the Lenawee County courthouse. Prudential was the sole bidder and purchased the property for $6,314,697, the amount claimed to be due under the two mortgages. The period of redemption ran, and Charles did not exercise his rights to redemption. The bulk of the property was resold by Prudential to the Hardys, although Prudential did not initially sell them the two acres of homestead where Charles and Maria were living. Subsequently, Prudential did sell that also to the Hardys. In January, 2007, plaintiffs were evicted and told the court that they are currently residing in Indiana. Plaintiffs allege that the foreclosure violates Michigan law because the deed was not recorded within 20 days, the Receiver's Deed fails to specify the amount for which each parcel sold (MCLA 600.3130(1)), and the entirety of the property was sold rather than separate parcels (MCLA 600.3165(1)). The Michigan Court of Appeals rejected plaintiffs' post-redemption appeal of the foreclosure sale to Prudential. (D/E 4, Ex. 1-C)

Plaintiff's siblings[1] also filed suit in circuit court against Charles and Maria for an accounting related to farm operation. There was a bench trial before Judge Koselka and judgment was entered May 11, 2005. The state court found as follows:

> 1. Defendant Charles E. McMahon totally abdicated his business responsibility. He gambled without authorization the crops and futures. He totally failed to account to his partners [Patrick and Robert] since 1997. He kept all the profits since then and more.
>
> 2. The use of the term "rent" by Charles E. McMahon was an inept attempt by him to deceive in a plan to unjustly enrich himself. This was a three-way partnership. They shared in profits. They shared in losses. It was not a rental agreement.
>
> 3. Defendant Charles E. McMahon defaulted certainly in December, 1997 if not earlier.
>
> 4. The Court has studied . . .Exhibit 53 [the CPA's statement of what is owed] which was accepted into evidence and incorporates it into this Judgment.

Judgment, D/E 4; pp. 26-30.

Judgment was entered against Charles and Maria for $348,367 as to Robert's estate and Arla, and $283,901 as to Patrick, for a total of $632,269 plus costs and interest. Eventually, post judgment motions were filed and denied, and the case is still pending in the Michigan Court of Appeals following the grant of a delayed application for appeal. In that action, Charles and Maria are represented by counsel Robert D. Goldstein of Grand Blanc.

Defendants now move to dismiss.

---

[1] Suit was filed on behalf of Robert's estate as he had passed away, and his widow Arla.

B.  **LEGAL ANALYSIS**

1.  <u>Defendants allege that the action is barred by *res judicata*</u>.

The issues that plaintiffs seek to litigate here were presented in state court, and resolved there, albeit adversely to them.  The purpose of *res judicata* is to promote the finality of judgments and thereby increase certainly, discourage multiple litigation and conserve judicial resources.  <u>Westwood Chemical v. Kulick</u>, 656 F.2d 1224, 1227 (6th Cir. 1981).  In this case, the state court judge heard and determined the issues.  Plaintiffs had an opportunity to litigate in that action and did in fact–though somewhat belatedly–respond to the allegations and were heard.  In addition, the issues could also have been presented in the Illinois probate action as claims with respect to Robert's estate were pending through the Circuit Court of Wheaton County.  Plaintiffs filed no claim there and this estate is now closed.

The court finds that the doctrine of *res judicata* would bar any re-litigation of these claims.

2.  <u>The action is barred by the Rooker-Feldman doctrine</u>.

Defendants move for dismissal of the matter on the ground that the federal court lacks subject matter jurisdiction.  They argue *inter alia* that the action is barred by the <u>Rooker-Feldman</u> doctrine.  See, <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S.Ct. 1303 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S.Ct. 149 (1923).  For the reasons stated below, the court agrees and thus recommends that plaintiff's complaint be dismissed with prejudice.

The <u>Rooker-Feldman</u> doctrine holds that inferior federal courts lack subject matter jurisdiction to review the final judgments of state courts.  <u>Hutcherson v. Lauderdale County,</u>

Tennessee, 326 F.3d 747, 755 (6th Cir. 2003).  Two types of claims are barred under this doctrine:  "those which allege some injury arising directly from the state court's judgments, and those which allege an injury predating the state-court's judgments but which are still 'inextricably intertwined' with state-court judgments."  Howard v. Whitbeck, 382 F.3d 633, 639 (6th Cir. 2004).  In determining whether the federal claim falls within the first category, the court must examine the nature of the relief sought and the particular injury alleged.  Id.  "'[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'"  Hutcherson, 326 F.3d at 755 (quoting GASH Associates. v. Village of Rosemont, Illinois, 995 F.2d 726, 728 (7th Cir. 1993)).  If the alleged injury resulted from the state court judgment itself, review of the claim in an inferior federal court is barred under the Rooker-Feldman doctrine.  If the alleged injury is distinct from, and not inextricably intertwined with, the judgment, Rooker-Feldman does not bar federal review of the claim.  Hutcherson, 326 F.3d at 755.  A federal claim may be said to be "inextricably intertwined" with a state court judgment where success on the federal claim is dependent upon a determination that the state court incorrectly decided the issues before it.  Id. at 756.  An exception to the doctrine exists for claims that present a general constitutional challenge to the state law implicated in the underlying proceedings.  Howard, 382 F.3d at 639.  "However, even where a general constitutional attack is mounted, the state proceedings may foreclose the federal claim under the doctrine of *res judicata*."  Id.

     Though plaintiff has couched his claims in federal constitutional and/or statutory terms, it is readily apparent from the allegations of the complaint that plaintiff's cause of action is nothing

more than a thinly-veiled attempt to collaterally attack the order of the Lenawee County Circuit Court.

The injury alleged by plaintiff – the loss of his property – resulted directly from the order of the Lenawee County Circuit Court. Plaintiff seeks to challenge that order rather than to hold defendants liable for an injury inflicted independently thereof. Moreover, it appears that the relief plaintiff ultimately seeks is a federal injunction undoing the state court judgments against him as well as the order of eviction which followed therefrom. This court could not grant such relief without first determining, in effect, that the Circuit Court order was entered in error.

Accordingly, under either prong of the Rooker-Feldman inquiry, review of plaintiff's claims is barred.

## **CONCLUSION**

For the reasons stated above, the court recommends that the defendants motions' to dismiss for lack of subject matter jurisdiction be **GRANTED**. The court's application of the Rooker-Feldman doctrine would apply equally to the claims against any other defendants, including the Hardys, Prudential, the receiver, the IRS, or other similar entities that plaintiff indicated he may name, and therefore any amendment of the complaint would be futile. See Saker v. National City Corporation, 90 Fed.Appx. 816, 818, n.1, 2004 WL 162558 (6th Cir. 2004)(Because Rooker-Feldman concerns federal subject matter jurisdiction, this court may raise the issue *sua sponte* at any time"). Accordingly, the court recommends that plaintiff's complaint be **DISMISSED WITH PREJUDICE** in its entirety.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: April 5, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on April 5, 2007.

                                                                            s/Jane Johnson
                                                                            Case Manager to
                                                                            Magistrate Judge Virginia M. Morgan