UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES E. McMAHON and
MARIA A. McMAHON,

                    Plaintiffs,                    No. 06-CV-15418-DT

vs.                                              Hon. Gerald E. Rosen

PRUDENTIAL INSURANCE
COMPANY OF AMERICA, et al.,

                    Defendants.
_____/

ORDER ADOPTING, WITH SUPPLEMENTATION, THE MAGISTRATE
JUDGE'S 4/5/07 REPORT AND RECOMMENDATION, AND DISMISSING
PLAINTIFFS' COMPLAINT, IN ITS ENTIRETY, WITH PREJUDICE

          At a session of said Court, held in
          the U.S. Courthouse, Detroit, Michigan
          on    August 30, 2007

          PRESENT:   Honorable Gerald E. Rosen
                               United States District Judge

This matter is presently before the Court on the April 5, 2007 Report and Recommendation of United States Magistrate Judge Virginia M. Morgan recommending that the Court grant the four motions to dismiss filed by Defendants Patrick McMahon, Arla McMahon, Shelly D. Hardy and Gregg Hardy, and that Plaintiff's claims against these Defendants, and all of the other defendants, be dismissed on *res judicata* and *Rooker-Feldman* grounds. No objections to the Report and Recommendation have been

filed.[1]

Having reviewed and considered the Magistrate Judge's Report and Recommendation and the Court's entire file of this matter, the Court has concluded that for the reasons stated in the Report and Recommendation, and for the further reasons set forth below, this case should be dismissed in its entirety, with prejudice.

As Magistrate Judge Morgan observed, all of the issues that Plaintiffs seek to litigate in this action were presented and decided in the state court foreclosure and accounting actions. Therefore, as the Magistrate Judge found, Plaintiffs claims are barred by the doctrines of *res judicata* and/or *Rooker-Feldman*.[2]

Further, to the extent that some of Plaintiffs' claims may not be barred by *Rooker-*

---

[1] Normally, any objections must be filed within 10 days. In this case, however, the Magistrate Judge recommended that Plaintiff be given additional time (30 days) to allow Plaintiffs time to obtain counsel pursuant to the Magistrate Judge's March 23, 2007Order granting, in part, Plaintiffs' motion for reconsideration of appointment of counsel. That Order required that if Plaintiffs obtained counsel, any appearance of counsel be filed on or before April 30, 2007. No appearance was ever filed and Plaintiffs have now had more than 90 days to file objections but have not done so.

[2] The Report and Recommendation does not mention the most recent Supreme Court and Sixth Circuit *Rooker-Feldman* decisions which limit application of that doctrine to cases no longer pending in the state court. *See Exxon Mobil Corporation v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517 (2005)*; Gilbert v. Ferry*, 413 F.3d 578 (6th Cir. 2005) (en banc); *see also Fieger v. Ferry*, 471 F.3d 637 (6th Cir. 2006). Although the state court foreclosure action became final when Plaintiffs' late appeal was rejected by the Michigan Court of Appeals on March 5, 2005, well-before this federal Complaint was filed, Plaintiffs' appeal of the Judgment entered against them in the state court accounting action is still pending in the Michigan Court of Appeals. Therefore, the *Rooker-Feldman* doctrine is inapplicable with respect to Plaintiffs' claims to the extent that they arise out of that action. Nonetheless, as discussed, *infra*, in the text of this Opinion, even though *Rooker-Feldman* may not bar this action, Plaintiffs are collaterally estopped from litigating those claims here.

*Feldman*, Plaintiff is collaterally estopped from raising these claims.

Whereas *res judicata* precludes relitigation of previously adjudicated *claims*, collateral estoppel precludes relitigation of *issues* or *facts* that have already been decided in a prior litigation. *Wilcox v. Sealy*, 132 Mich. App. 38, 46 (1984). "Where issues of fact or law have been finally determined by a court of competent jurisdiction in one legal action which are essential to the maintenance of another legal action, it is universally held that the second action must fail." *Jones v. Chambers*, 353 Mich. 674, 680 (1958).

The goal of collateral estoppel is to balance the right and interests of a party to be heard and the public's interest in discouraging repetitive litigation. *See People v. Gates*, 434 Mich. 146, 154 (1990); *Howell v. Vito's Trucking Co.*, 386 Mich. 37, 48 (1971). As the Michigan Court of Appeals explained in *Minicuri v. Scientific Data Mgmt., Inc.*, 243 Mich. App. 28 (2000), collateral estoppel and the related preclusion doctrine of *res judicata* "serve an important function [by] conserv[ing] judicial resources" and giving finality to disputes:

> The preclusion doctrines serve an important function in resolving disputes by imposing a state of finality to litigation where the same parties have previously had a full and fair opportunity to adjudicate their claims. By putting an end to litigation, the preclusion doctrines eliminate costly repetition, conserve judicial resources, and ease fears of prolonged litigation.

243 Mich. App. at 33.

Michigan has three requirements for collateral estoppel or "issue preclusion":

> (1) a question of fact essential to the judgment [in the second action] must have been actually litigated and determined by a valid and final judgment [in the first action]; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel.

*McCormick v. Braverman, supra*, 451 F.3d at 397 (quoting *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 677 N.W.2d 843, 845-46 (2004)) (citation omitted.) Mutuality, however, is not required, where collateral estoppel is used defensively. *Monat, supra*, 469 Mich at 691, 677 N.W.2d at 843 ("[W]e believe that the lack of mutuality of estoppel should not preclude the use of collateral estoppel when it is asserted defensively to prevent a party from relitigating an issue that such party has already had a full and fair opportunity to litigate in a prior suit."). Since the Defendants are using defensive collateral estoppel in this case, mutuality is not required.

The other two requirements have also been met. First, the issues raised in the Plaintiffs' federal claims were actually litigated and determined by valid and final judgments both in the state foreclosure action and in the accounting action. "When an issue is properly raised, ... submitted for determination, and is determined, the issue is actually litigated . . . ." *Gilbert v. Ferry, supra*, 413 F.3d at 581 (quoting Restatement (Second) of Judgments § 27, cmt. d (1982)). Further, Plaintiffs had a full and fair opportunity to litigate the issues and did, in fact, respond to the allegations made against them both in the foreclosure action and in the accounting action. In addition, although they did not take advantage of it, Plaintiffs also had the opportunity to present the issues, with respect to their claims against Defendant Robert McMahon, in the Illinois probate action as claims against Robert's estate.

For the foregoing reasons, and for the reasons stated in the Magistrate Judge's April 5, 2007 Report and Recommendation, the Court concludes that Plaintiffs are precluded from pursuing the claims asserted in this action, and Plaintiffs' Complaint

should, therefore, be dismissed, in its entirety. Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's April 5, 2007 Report and Recommendation is adopted, with the supplementation set forth in this Order.

IT IS FURTHER ORDERED that Defendants' motions to dismiss [Docket Nos. 4, 7, 25 and 26] are granted.

IT IS FURTHER ORDERED that Plaintiffs' Complaint is DISMISSED, in its entirety, WITH PREJUDICE.

Let Judgment be entered accordingly.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: August 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager